UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DARREN L. FAVREAU,<br>Plaintiff | )<br>)<br>) |
| v. | ) Civil Action No. 04-30246-MAP<br>) |
| BERKSHIRE COUNTY JAIL,<br>Defendant | )<br>)<br>) |

### DEFENDANT'S MEMORANDUM IN SUPPORT
### OF ITS MOTION TO DISMISS

Defendant Berkshire County Jail (whose existence is expressly denied) seeks the dismissal of the Complaint filed by plaintiff Darren L. Favreau for the reasons set forth below.

### FACTS

In pertinent part, paragraphs 1-3 of the Complaint allege:

1. The Plaintiff is a resident of . . . [the] Berkshire County Jail, 467 Cheshire Road, Pittsfield, . . . Massachusetts and a citizen of the United States.

2. The defendant, the Berkshire County Jail, is a resident of 467 Cheshire Road, Pittsfield, Massachusetts . . . and citizen of the United States.

3. This court has Jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

### ARGUMENT

In pertinent part, Rule 12(b) of the Federal Rules of Civil Procedure provides:

> Every defense, in law or fact, to a claim for relief in any pleading, . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, . . . (6) failure to state a claim upon which relief can be granted.

In this case, the plaintiff has opened himself up to a "sufficiency" (a/k/a "facial") challenge to his Complaint and effectively "plead himself out of court" by alleging facts which

specifically contradict the basis on which he asserts this Court enjoys subject matter jurisdiction over his suit. See, e.g., Callahan v. United States, 337 F. Supp. 2d 348, 350 (D. Mass. 2004) (citing Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 [1st Cir. 2001], which addresses the appropriate standard to apply to a motion to dismiss such as the defendant's).

Paragraph 3 of the plaintiff's Complaint expressly predicates subject matter jurisdiction upon 28 U.S.C. § 1332, which in pertinent part provides, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Yet paragraphs 1 and 2 of his Complaint specifically allege that both the plaintiff and defendant "reside" in Massachusetts, and there is nothing else in his Complaint to suggest that either of them are "citizens" of any state other than Massachusetts. Hence, it ineluctably follows that the plaintiff's Complaint "fails to state" the facts upon which diversity jurisdiction may be premised and accordingly must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

In light of the foregoing, this Court should grant Defendant's Motion to Dismiss.

Dated: January 21, 2005

THE DEFENDANT

By its attorney

_____
Donald W. Goodrich, BBO No. 202200
For Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA 01247
Tel: (413) 663-3200; Fax: (413) 663-7970

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2005, I have caused the foregoing document to be served on the parties to this matter by mailing a true copy, postage prepaid, to Mr. Darren L. Favreau, ℅ Hampden County Jail and House of Correction, 629 Randall Road, Ludlow, MA 01056.

_____

DWG:djb