UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

DARREN L. FAVREAU,  )
    Plaintiff  )
  )
v.  )  Civil Action No. 04-30246-MAP
  )
BERKSHIRE COUNTY JAIL,  )
    Defendant  )

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO WAIVE COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

The Defendant, Berkshire County Jail (whose existence is expressly denied), seeks this Court to waive the need for the parties to comply with Local Rule 7.1(A)(2), for the reasons below:

### FACTS

The Plaintiff, Darren L. Favreau, is presently incarcerated at the Hampden County Jail, and is currently appearing pro se in this action. See the signature section of the Plaintiff's Amended Complaint, and paragraph 2 of the Affidavit of Alan J. Rilla.

The Defendant intends to file a motion for summary judgment in its favor shortly.

## ARGUMENT

Local Rule 7.1(A)(2) provides "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." The Defendant is requesting this Court to waive the need for the parties to comply with that rule throughout the course of these proceedings, or, in the alternative, at least in connection with the Defendant's summary judgment motion, for three reasons:

First, Rule 7.1(A)(2) requires "counsel" to certify that they have conferred. Here, the Plaintiff is appearing *pro se*. The Defendant submits that the express language of the rule indicates it was not intended to apply to cases, where, as here, one of the parties appears *pro se*.

Second, in this case, the Plaintiff is not only appearing pro se, but he is an inmate at the Hampden County Jail. Under these circumstances, "requiring the parties to confer before filing any motions would delay moving the case toward final disposition." See Delaney v. Matesanz, 1998 U.S. Dist. LEXIS 23306, *4-*5 (D. Mass.), attached hereto as Addendum A.

Third, and finally, with respect to the motion for summary judgment which the Defendant intends to file in the near future, that motion is a dispositive motion. Consequently, requiring the parties to confer before Defendant files that motion would serve no purpose, since there is nothing for the parties to confer about short of the Plaintiff dismissing his suit.

## CONCLUSION

In light of the foregoing, this Court should allow the Defendant's Motion to Waive Compliance with Local Rule 7.1(A)(2).

Dated: June 15th, 2005

THE DEFENDANT

By its attorney,

_____
Donald W. Goodrich, BBO No. 202200
for Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA 01247
Tel:   (413) 663-3200
Fax:   (413) 663-7970

## CERTIFICATE OF SERVICE

I hereby certify that on June 15th, 2005, I have caused the foregoing document to be served on the parties to this matter by mailing a true copy, postage prepaid, to Mr. Darren L. Favreau, c/o Hampden County Jail and House of Correction, 629 Randall Road, Ludlow, MA 01056.

_____
Donald W. Goodrich

JRL:gmg

# ADDENDUM A

Source: Legal > Cases - U.S. > Federal Court Cases, Combined
Terms: "local rule 7.1" (Edit Search)
Focus: "local rule 7.1" and confer and "pro se" (Exit FOCUS™)

◆Select for FOCUS™ or Delivery

*1998 U.S. Dist. LEXIS 23306, **

CHARLES C. DELANEY, III, Petitioner v. JAMES MATESANZ, Respondent

CIVIL ACTION NO. 98-10635-REK

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

1998 U.S. Dist. LEXIS 23306

November 6, 1998, Decided

**SUBSEQUENT HISTORY:** Affirmed, Delaney v. Matesanz, 264 F.3d 7, 2001 U.S. App. LEXIS 19664 (1st Cir. Mass. 2001)

**PRIOR HISTORY:** Commonwealth v. Delaney, 418 Mass. 658, 639 N.E.2d 710, 1994 Mass. LEXIS 501 (1994)

**DISPOSITION:** [*1] Respondent's motion to waive compliance with **Local Rule 7.1**(a)(2) was allowed. Petitioner's motion for appointment of counsel was dismissed. Respondent's motion to dismiss was allowed.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Respondent government brought a motion to waive compliance with U.S. Dist. Ct. R., Mass., R. 7.1(a)(2) and a motion under 28 U.S.C.S. § 2244(d)(1) to dismiss petitioner's **pro se** motion for the appointment of counsel to file for habeas corpus relief.

**OVERVIEW:** A jury convicted petitioner of second degree murder, petitioner was sentenced to life imprisonment, and the conviction was affirmed on appeal. Petitioner's motion for rehearing was denied. Petitioner voluntarily withdrew his petition for a writ of habeas corpus and brought a motion for the appointment of counsel. The court granted the government's motion to waive compliance with a local rule that required a conference between the parties before filing a motion, and dismissed petitioner's motion because it found that (1) petitioner filed his motion nearly two years after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA); (2) the statute of limitation was not tolled when petitioner filed the first petition for habeas corpus that he voluntarily withdrew; (3) 28 U.S.C.S. § 2244 (d)(2) was not helpful to petitioner because the applicable statute of limitation had already passed; and (3) no extraordinary circumstances existed to support equitable tolling.

**OUTCOME:** The court granted the government's motion to waive compliance with a local rule, granted its motion to dismiss, and denied petitioner's motion for the appointment of counsel.

**CORE TERMS:** statute of limitation, equitable tolling, one-year, Local Rule, writ of habeas corpus, petitioner filed, tolled, reasonable time, tricked, strangling, exhausted, sentenced, murder, confer, fight

**LexisNexis(R) Headnotes** ◆ Hide Headnotes

Governments > Courts > Rule Application & Interpretation
**HN1** Local Rule 7.1(A)(2) requires the parties to **confer** before filing a motion in order that they might resolve the issue without the court. More Like This Headnote

Criminal Law & Procedure > Habeas Corpus > Time Limitations
Criminal Law & Procedure > Habeas Corpus > Habeas Corpus Procedure
Constitutional Law > Congressional Duties & Powers > Suspension Clause
**HN2** The Antiterrorism and Effective Death Penalty Act declares in part that the one-year period of limitation shall run from the date on which a judgment of conviction becomes final. 28 U.S.C.S. § 2244 (d)(1). More Like This Headnote

Criminal Law & Procedure > Habeas Corpus > Time Limitations
Criminal Law & Procedure > Habeas Corpus > Habeas Corpus Procedure
Constitutional Law > Congressional Duties & Powers > Suspension Clause
**HN3** The United States District Court for the District of Massachusetts holds that a "reasonable time" extends to one-year from the enactment date of the Antiterrorism and Effective Death Penalty Act, April 24, 1996, but that the statute of limitation bars a filing made at a time substantially beyond a year. More Like This Headnote

Criminal Law & Procedure > Habeas Corpus > Time Limitations
Governments > Legislation > Statutes of Limitations > Tolling
**HN4** Under 28 U.S.C.S. § 2244 (d)(2) the one-year limitation is tolled while properly filed collateral proceedings are pending in state court. More Like This Headnote

Governments > Legislation > Statutes of Limitations > Tolling
**HN5** Equitable tolling of a statute of limitation is allowed when a plaintiff has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the plaintiff has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. A court may also consider the absence of prejudice to the defendants after a factor that might justify equitable tolling is identified. More Like This Headnote

Criminal Law & Procedure > Habeas Corpus > Habeas Corpus Procedure
**HN6** 28 U.S.C.S. §§ 2254(b), (c) provide a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court. More Like This Headnote

**COUNSEL:** CHARLES C. DELANEY, III, Petitioner, **Pro se,** Norfolk, MA.

For JAMES MATESANZ, SCOTT HARSHBARGER, Respondents: Gregory I. Massing, Attorney General's Office, Boston, MA.

**JUDGES:** Robert E. Keeton, United States District Judge.

**OPINIONBY:** Robert E. Keeton

**OPINION: Memorandum and Order**

November 6, 1998

Pending before the court are the following motions:

(1) Petitioner's Motion for Appointment of Counsel (Docket No. 2, filed April 10, 1998) with Memorandum in Support (Docket No. 3, filed April 10, 1998).

(2) Respondent's Motion to Dismiss (Docket No. 6, filed May 6, 1998) with Memorandum in Support (Docket No. 7, filed May 6, 1998) and Petitioner's Memorandum in Response (Docket No. 12, filed May 27, 1998).

(3) Respondent's Motion to Waive Compliance with **Local Rule 7.1**(A)(2) (Docket No. 8, filed May 6, 1998).

## I. Factual History

In April of 1986, petitioner and his ex-wife, Pom Song Delaney, were living together in Plymouth, Massachusetts, attempting a reconciliation. **[*2]** Over the course of a few weeks, their relationship began to deteriorate and Pom Song made arrangements to leave Massachusetts. On April 30, 1986, during the course of a fight, petitioner strangled Pom Song. He buried her body in the backyard. Pom Song's body was recovered after petitioner confessed to the crime six months later.

At trial, petitioner claimed that although he had killed Pom Song he was not criminally responsible because he had been suffering from a flashback caused by post-traumatic stress disorder. A few years earlier, petitioner had completed military service in Lebanon. Petitioner alleged that during his last fight with Pom Song he "blacked out" and woke up with Pom Song dead on the floor next to him. An expert witness testified that, while strangling Pom Song, petitioner believed he was reliving his military experience of strangling a Druse militiaman with a garrote.

## II. Procedural History

On December 2, 1986, a Plymouth County grand jury indicted petitioner for the murder of Pom Song Delaney and on October 27, 1989, a jury convicted petitioner of second-degree murder. (See Docket No. 7, filed May 6, 1998). The Brockton Superior Court (Graham, J.) sentenced **[*3]** petitioner to life imprisonment and petitioner appealed. (See Docket No. 10, filed May 6, 1998).

On July 13, 1993, the Massachusetts Appeals Court affirmed petitioner's conviction in Commonwealth v. Delaney, 34 Mass. App. Ct. 732, 616 N.E.2d 111 (1993). Petitioner filed an Application for Further Appellate Review with the Supreme Judicial Court on August 19, 1993, and the Court allowed the petition in Commonwealth v. Delaney, 416 Mass. 1106, 622 N.E.2d 1364 (1993). On September 20, 1994, the Supreme Judicial Court affirmed petitioner's conviction. See Commonwealth v. Delaney, 418 Mass. 658, 658-59, 668, 639 N.E.2d 710 (1994). The petition for rehearing was denied on November 1, 1994. (See Docket No. 7, filed May 6, 1998).

On February 24, 1997, petitioner filed a petition for a writ of habeas corpus in this court raising eight grounds for relief. See id. On April 22, 1997, respondent filed a motion to dismiss on the grounds that petitioner had not exhausted his claims in state court. See id. On April 30, 1997, petitioner moved to dismiss the petition voluntarily, agreeing that some of his claims had not been properly **[*4]** exhausted in the court below, and on May 2, 1997, petitioner voluntarily withdrew his petition for a writ of habeas corpus. See id.

On or about June 6, 1997, petitioner filed his first Motion for a New Trial in Plymouth County Superior Court. The trial judge denied the motion on June 30, 1997. Petitioner appealed. The

Massachusetts Appeals Court affirmed the denial of the Motion for a New Trial on February 13, 1998. Petitioner's Application for Further Appellate Review of that decision was denied on March 27, 1998. See id.

### III. Respondent's Motion to Waive Compliance with Local Rule 7.1(A)(2)

Respondent has filed a Motion to Waive Compliance with **Local Rule 7.1**(A)(2) (Docket No. 8). *HN1* **Local Rule 7.1**(A)(2) requires the parties to **confer** before filing a motion in order that they might resolve the issue without the court. Since petitioner is now incarcerated at Bay State Correctional Center in Bridgewater, Massachusetts and he is representing himself, requiring the parties to **confer** before filing any motions would delay moving the case toward final disposition. Accordingly, respondent's Motion to Waive Compliance with L.R. 7.1(A)(2) (Docket No. 8) is ALLOWED. Furthermore, **[*5]** petitioner is similarly exempted from that part of L.R. 7.1 that requires conferring with opposing counsel before filing a motion.

### IV. Petitioner's Motion for Appointment of Counsel

Petitioner has filed a Motion for Appointment of Counsel (Docket No. 2) and a Memorandum in Support (Docket No. 3). Because the court is allowing the respondent's Motion to Dismiss for the reasons explained in the Memorandum, the petitioner's Motion for Appointment of Counsel will be DISMISSED.

### V. Respondent's Motion to Dismiss

Petitioner was convicted and sentenced in 1989, more than six years before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), took effect on April 24, 1996. AEDPA amended 28 U.S.C. § 2254 to impose a one-year time limitation on § 2254 motions in order to "curb the abuse of the statutory writ of habeas corpus." H.R. Conf. Rep. 104-518, at 111 (1996), reprinted in 1996 U.S.C.C.A.N. 944, 944. *HN2* AEDPA declares that the one-year period of limitation "shall run from the latest of" one of several dates specified in the statute. The provision most favorable to petitioner specifies "(1) the date on which the judgment **[*6]** of conviction [becomes] final...." 28 U.S.C. § 2244 (d)(1).

The First Circuit has not yet determined the effect of the time limit provision in the precise circumstances of this case. Other circuits have held that a petitioner is entitled to a "reasonable time" after the enactment of AEDPA to file a petition for a writ of habeas corpus. Periods that have been held in different cases to be a "reasonable time" have ranged from 72 days to a full year. See, e.g., Peterson v. Demskie, 107 F.3d 92 (2d Cir. 1997); Lindh v. Murphy, 96 F.3d 856, 866-67 (7th Cir. 1996) (en banc), rev'd on other grounds, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). When this issue has been before me previously, I have concluded that it is likely that the First Circuit will determine that *HN3* a "reasonable time" extends to one-year from the enactment date of AEDPA, April 24, 1996, but that the statute of limitation would bar a filing made at a time substantially beyond a year. This continues to be my expectation. One year from the enactment date of AEDPA is April 24, 1997.

Petitioner filed the current petition on April 10, 1998, nearly **[*7]** two years after the effective date of AEDPA. Petitioner argues that he filed this petition within the one-year limitation because the limitation was tolled on two specific instances: upon filing his first petition for a writ of habeas corpus on February 24, 1997, and upon filing his Motion for a New Trial on June 6, 1997. (See Docket No. 12). No support exists, however, for the proposition that the statute of limitation was tolled when petitioner filed his first petition for habeas corpus.

*HN4* Under 28 U.S.C. § 2244 (d)(2) the one-year limitation is tolled while properly filed

collateral proceedings are pending in state court. Section 2244 (d)(2) would thus allow the limitation to be tolled on June 6, 1997, when petitioner filed his Motion for a New Trial in state court, but not before. This is not helpful to petitioner, however, because on June 6, 1997, the applicable period under the statute of limitation had already passed. Thus, unless it can be determined that petitioner qualifies for equitable tolling of the statute of limitation, his current petition, filed in 1998, is untimely.

A statute of limitation is in some circumstances subject to being extended [*8] on grounds variously described as "waiver," "estoppel," and "equitable tolling." See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394, 71 L. Ed. 2d 234, 102 S. Ct. 1127 (1982). The Supreme Court has allowed HN5 equitable tolling of a statute of limitation when a plaintiff "has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the [plaintiff] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990). As an additional factor, a court may also consider the absence of prejudice to the defendants after (and only after) a factor that might justify equitable tolling is identified. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152, 80 L. Ed. 2d 196, 104 S. Ct. 1723 (1984).

In this case, petitioner did not file any pleading (even a "defective" pleading) within the time allowed, and petitioner has not been "tricked" or otherwise misled by respondent to believe he had more time to file than that specified by statute. It is true that petitioner has continued to pursue [*9] his claims over the course of the past nine years. This pursuit, however, has not occurred in a way that would support a finding of due diligence to file a petition on time. It is evident from petitioner's submissions that he understands the AEDPA amendment and the rules surrounding it. In addition, the rules concerning exhaustion requirements are well-established. Indeed, the Supreme Court determined that:

> HN6 §§ 2254(b) [and] (c) provide[] a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court. Just as *pro se* petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement.

Rose v. Lundy, 455 U.S. 509, 520, 71 L. Ed. 2d 379, 102 S. Ct. 1198 (1982).

I conclude that no extraordinary circumstances exist in this case to support equitable tolling.

**ORDER**

For the foregoing reasons, it is ORDERED:

(1) Respondent's Motion to Waive Compliance with **Local Rule 7.1**(A)(2) (Docket No. 8) is ALLOWED.

(2) Petitioner's Motion for Appointment of Counsel (Docket No. 2) is DISMISSED. [*10]

(3) Respondent's Motion to Dismiss (Docket No. 6) is ALLOWED.

(4) The Clerk is directed to enter forthwith on a separate document a Final Judgment of dismissal.

Robert E. Keeton