UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

DARREN L. FAVREAU, )
   Plaintiff )
  )
v. ) Civil Action No. 04-30246-MAP
  )
BERKSHIRE COUNTY JAIL, )
   Defendant )

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO WAIVE COMPLIANCE WITH LOCAL RULE 16.1(B&D)

The Defendant, Berkshire County Jail (whose existence is expressly denied), seeks this Court to waive the need for the parties to comply with Local Rule 16.1(B&D), for the reasons below:

### FACTS

The Plaintiff, Darren L. Favreau, is presently incarcerated at the Hampden County Jail, and is currently appearing pro se in this action. See the signature section of the Plaintiff's Amended Complaint, and paragraph 2 of the Affidavit of Alan J. Rilla.

The Defendant is represented by counsel, and both the Defendant and its counsel are located in Berkshire County. See paragraph 2 and the signature section of the Defendant's Answer to the Amended Complaint.

On June 2, 2005, this Court (Neiman, M.J.) issued a Notice of Scheduling Conference advising the parties that an initial scheduling conference will be held on July 12, 2005, and that they must comply with Sections B, C and D of Local Rule 16.1.

The Defendant seeks an order from this Court waiving the requirement that the parties comply with Sections B and D of Local Rule 16.1 for the reasons set forth below:

## ARGUMENT

In pertinent part, Local Rule 16.1 provides:

> (B) Unless otherwise ordered by the judge, counsel for the parties must . . . confer at least 21 days before the date for the scheduling conference for the purpose of:
>
> > (1) preparing an agenda of matters to be discussed at the scheduling conference,
> >
> > (2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and
> >
> > (3) considering whether they will consent to trial by magistrate judge.
>
> (C) Unless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days before the date for the scheduling conference. Defense counsel shall have conferred with their clients on the subject of settlement before the scheduling conference and be prepared to respond to the proposals at the scheduling conference.
>
> (D) Unless otherwise ordered by the judge, the parties are required to file, not later than five (5) business days before the scheduling conference and after consideration of the topics contemplated by Fed. R. Civ. P. 16(b) & (c) and 26(f), a joint statement containing a proposed pretrial schedule, which shall include:
>
> > (1) a joint discovery plan scheduling the time and length for all discovery events, . . .
> >
> > (2) a proposed schedule for the filing of motions;
> >
> > (3) certifications signed by counsel and by an authorized representative for each party affirming that each party and that party's counsel have conferred:

2

> (a) with a view to establishing a budget for the costs of conducting the full course - - and various alternative courses - - of the litigation; and
>
> (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in L.R. 16.4
>
> To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate. To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference. . . .

The Defendant seeks to have this Court waive the necessity for the parties to comply with Sections (B) and (D)[1] of the foregoing rule because it believes that requiring such compliance would impede rather than foster "the just, speedy and inexpensive determination" of the Plaintiff's claims under the circumstances presented in this case. See Fed. R. Civ. P. 1.

More specifically, the Defendant submits that compliance with Sections (B) and (D) of Local Rule 16.1 is not practical under the circumstances of this case because:

(1) Section (B) expressly requires "counsel for the parties" to confer with an eye to preparing the "joint statement" referred to in Section (D), but the Plaintiff has no counsel, since he is appearing *pro se*;

(2) The Plaintiff is incarcerated in a facility that is located a considerable distance away from both the Defendant and the Defendant's counsel's office;

(3) The Plaintiff is incarcerated under circumstances in which his access to a telephone is limited, and he does not (as far as the Defendant is aware) have any access either to a facsimile machine or electronic mail; and

---

[1] The Defendant is **not** seeking to have this Court waive the requirement that the Plaintiff comply with L.R. 16.1(C) because that section of the rule does not impose the same sort of burdens that Sections (B) and (D) do.

(4) Since the Plaintiff is a layman appearing *pro se* while Defendant is represented by counsel, any *ex parte* communication between them has the potential to raise ethical issues pursuant to Rule 4.3 of the Massachusetts Rules of Professional Conduct, and should accordingly be minimized to the extent possible.

The Defendant further observes that, although not currently classified as such, the nature of the Plaintiff's suit could just as easily be regarded as falling under one of the categories on the Civil Cover Sheet Form (i.e., "Prisoner Petitions – Other" [No. 550]) which are considered to be "inappropriate actions" for the scheduling and planning provisions of Fed. R. Civ. P. 16(b), and therefore "exempted" from those provisions pursuant to Local Rule 16.2.

## CONCLUSION

In light of the foregoing, this Court should grant Defendant's Motion to Waive Compliance with Local Rule 16.1.

Dated: June 15th, 2005

THE DEFENDANT

By its attorney,

_____
Donald W. Goodrich, BBO No. 202200
for Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA 01247
Tel:   (413) 663-3200
Fax:   (413) 663-7970

## CERTIFICATE OF SERVICE

I hereby certify that on June 15th, 2005, I have caused the foregoing document to be served on the parties to this matter by mailing a true copy, postage prepaid, to Mr. Darren L. Favreau, c/o Hampden County Jail and House of Correction, 629 Randall Road, Ludlow, MA 01056.

_____
Donald W. Goodrich

JRL:gmg