UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

DARREN L. FAVREAU,  )
    Plaintiff )
 )
v. )
 ) Civil Action No. 04-30246-MAP
 )
BERKSHIRE COUNTY JAIL, )
    Defendant )

### DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS

Now comes the defendant, Berkshire County Jail, the existence of which is expressly denied, pursuant to L.R. 56.1, and submits that there is no genuine issue to be tried with respect to the following material facts:

1. The plaintiff, Darren L. Favreau, is a domiciliary of New York. See paragraph 1 of plaintiff's Amended Complaint.

2. The Berkshire County Jail and House of Correction ("Berkshire County Jail") is located at 467 Cheshire Road, Pittsfield, Massachusetts. See paragraph 2 of plaintiff's Amended Complaint and paragraph 1 of the accompanying Affidavit of John J. Quinn.

3. The named defendant, Berkshire County Jail, is not a juridical entity subject to the jurisdiction of this Court. See paragraph 3 of the Affidavit of John J. Quinn.

4. The plaintiff was incarcerated at the Berkshire County Jail twice during 2004 -- i.e., once from February 23, 2004, to April 22, 2004, and a second time from September 13, 2004, to November 16, 2004. See paragraphs 4 and 5 of plaintiff's Amended Complaint and paragraph 4 of the Affidavit of John J. Quinn.

5. On November 16, 2004, the plaintiff was transferred to the Hampden County Jail and House of Correction ("Hampden County Jail"), where he has been incarcerated ever since. See paragraph 11 and the signature section of plaintiff's Amended Complaint. See also paragraph 5 of the Affidavit of John J. Quinn.

6. In December of 2003, a new legal resource policy was instituted at the Berkshire County Jail pursuant to which inmates could no longer enter the law library themselves but were instead given access to legal materials through the so-called "paging system" described in plaintiff's Amended Complaint. See paragraph 6 of the Affidavit of John J. Quinn.

7. The legal resource policy at the Berkshire County Jail was modified in April 2005 so inmates would once again have direct access to the law library on a prescribed schedule, although the paging system was retained to handle the majority of legal requests. See paragraph 10 of the Affidavit of John J. Quinn.

8. At all relevant times, an administrative procedure has been in place at the Berkshire County Jail to resolve inmate grievances of the sort adverted to in the plaintiff's Amended Complaint. See paragraphs 11-12 of the Affidavit of John J. Quinn.

9. The plaintiff failed to exhaust his administrative remedies with respect to the two grievances that he filed regarding the operation of the law library at the Berkshire County Jail while he was incarcerated there. See paragraphs 13-18 of the Affidavit of John J. Quinn.

10. The plaintiff was not transferred to the Hampden County Jail in retaliation for "threatening to file a civil complaint" (see paragraph 11 of his Amended Complaint) but because he was one of the ringleaders behind an incident on November 12, 2004, in which inmates in his

"pod" at the Berkshire County Jail refused correctional officers' orders to clean the floor of their pod and "lock in" their cells. See paragraph 19-22 of the Affidavit of John J. Quinn.

Dated: *December 16, 2005*

THE DEFENDANT

By its attorney

*[signature]*

Donald W. Goodrich, BBO No. 202200
For Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA 01247
Tel: (413) 663-3200
Fax: (413) 663-7970

CERTIFICATE OF SERVICE

I hereby certify that on *Dec. 16, 2005*, I have caused the foregoing document to be served on the parties to this matter by mailing a true copy, postage prepaid, to Mr. Darren L. Favreau, % Hampden County Jail and House of Correction, 629 Randall Road, Ludlow, MA 01056.

*[signature]*

JRL:djb