UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

DARREN L. FAVREAU,  )
    Plaintiff  )
  )
v.  )  Civil Action No. 04-30246-MAP
  )
BERKSHIRE COUNTY JAIL,  )
    Defendant  )

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Now comes the defendant, Berkshire County Jail, the existence of which is expressly denied, and hereby opposes plaintiff Darren L. Favreau's Motion for Summary Judgment for the reasons set forth below.

### FACTS

Berkshire County Jail hereby incorporates the facts asserted in its Concise Statement of Material Facts ("Concise Statement"), accompanying its own motion for summary judgment, which was previously filed with this Court on December 19, 2005, by reference.

### ARGUMENT

Mr. Favreau's motion for summary judgment should be denied for four reasons, discussed in turn below.

First, Mr. Favreau has failed to comply with L.R. 56.1, requiring summary judgment motions to be accompanied by "a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions and other documentation."

Second, Mr. Favreau has failed to support the factual assertions upon which his motion is implicitly predicated with any of the materials that are described in Rule 56(c) of the Federal

Rules of Civil Procedure (i.e., "pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any").

Third, Mr. Favreau has failed to even address, much less rebut, one of the four grounds upon which Berkshire County Jail's own motion for summary judgment is based: i.e., that the Berkshire County Jail is not a legal person. See page 2 of its memorandum in support of its motion for summary judgment.

Fourth, Mr. Favreau has failed to rebut, or even show that a genuine issue of material fact exists, vis-à-vis the other three grounds for Berkshire County Jail's summary judgment motion: i.e., (a) Mr. Favreau's injunctive and declaratory claims are moot because he is no longer incarcerated at the Berkshire County Jail; (b) he failed to exhaust his administrative remedies as required under the PLRA and G.L. c. 127, §§ 38E and 38F; and (c) his transfer was not retaliatory. See pages 3-6 of its memorandum in support of its motion for summary judgment.

## CONCLUSION

In light of the foregoing, this Court should deny Mr. Favreau's Motion for Summary Judgment and should allow Berkshire County Jail's.

Dated: January 27, 2006

THE DEFENDANT

By its attorneys,

_Donald W. Goodrich_
Donald W. Goodrich, BBO No. 202200
For Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA 01247
Tel: (413) 663-3200; Fax: (413) 663-7970

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2006, I have caused the foregoing document to be served on the parties to this matter by mailing a true copy, postage prepaid, to Mr. Darren L. Favreau, Rensselaer County Jail, P.O. Box 389, Troy, NY 12180.

_Donald W. Goodrich_

DWG:djb

2