UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DARREN L. FAVREAU,            )
          Plaintiff           )
                              )
     v.                       )   Civil Action No. 04-30246-MAP
                              )
                              )
BERKSHIRE COUNTY JAIL,        )
          Defendant           )

REPORT AND RECOMMENDATION WITH REGARD TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT and PLAINTIFF'S
CROSS MOTION FOR SUMMARY JUDGMENT (Document Nos. 30, 37)
June 14, 2006

NEIMAN, C.M.J.

Berkshire County Jail ("Defendant" or "the jail") has moved for summary judgment with respect to Darren Favreau's ("Plaintiff") *pro se* civil rights complaint. In response, Plaintiff has filed a cross motion for summary judgment. The parties' cross motions have been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, the court will recommend that Defendant's motion for summary judgment be allowed and, accordingly, that Plaintiff's cross motion for summary judgment be denied.

I. STANDARD OF REVIEW

"Summary judgment is warranted 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Uncle Henry's, Inc. v. Plaut Consulting Co.*, 399 F.3d

33, 41 (1st Cir. 2005) (quoting Fed. R. Civ. P. 56(c)).  "An issue is 'genuine' for purposes of summary judgment if the evidence is such that a reasonable jury could return a verdict for the nonmoving party, and a 'material fact' is one which might affect the outcome of the suit under the governing law."  *Carcieri v. Norton*, 398 F.3d 22, 29 (1st Cir. 2005) (citations and further internal quotation marks omitted).

## II. BACKGROUND

For summary judgment purposes the following facts, supported by numerous documents and affidavits contained in Defendant's Concise Statement of Material Facts ("Def.'s Facts"), are largely undisputed and are stated in a light most favorable to Plaintiff, the nonmoving party.  *See Uncle Henry's*, 399 F.3d at 41.  Given Plaintiff's *pro se* status, the court has also considered certain allegations which he raises in both his handwritten complaint and other submissions to this court.  *See generally Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff was incarcerated at the jail on two separate occasions in 2004, first, from February 23rd to April 22nd and, then, from September 13th to November 16th.  (Quinn Affidavit ¶ 4; Complaint, ¶¶ 4-5.)  In December of 2003, the jail instituted a new legal resource policy, changing the way that inmates could access research materials from the law library.  (Def.'s Facts ¶ 6.)  For various policy reasons, inmates were no longer able to obtain the materials themselves.  (*Id.*)  Instead, according to the new "paging system," an inmate would complete a request slip and give it to the law librarian who, in turn, would complete the research.  (*Id.* ¶¶ 7a-b, 7f-g.)  This system remained in effect until April of 2005.  (*Id.* ¶ 10.)

Plaintiff, who used the library for legal research, was informed he would no longer be allowed in the library, but would have to follow the new procedures. (Complaint ¶ 4.) Although Plaintiff attempted to request materials in accordance with the new procedures, several of his requests were denied because they lacked specificity. (*Id.* ¶ 7.) As a result, Plaintiff filed two grievances in April of 2004 opposing the paging system. (Quinn Affidavit ¶ 16.)

On November 12, 2004, during his second period of incarceration, Plaintiff was involved in an incident involving fellow inmates housed in his pod. (*Id.*) The inmates, including Plaintiff, refused to follow correctional officers' orders to both clean the floor of their pod and "lock in" their cells. (*Id.*) Pursuant to an investigation, the jail learned that Plaintiff was among the group of ringleaders orchestrating the incident. (*Id.* ¶ 21.) As a result, Plaintiff was transferred to a jail in Hampden County. Plaintiff has since left that facility and is now currently incarcerated in the state of New York. (Document No. 34.)

Shortly after his transfer to the Hampden County facility, in December of 2004, Plaintiff filed his complaint in this court. Two months later, Plaintiff filed an amended complaint in which he seeks compensatory damages and broad injunctive relief pertaining to the paging system.

### III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT[1]

The court notes at the outset that Plaintiff's claim for compensatory damages

---

[1] Technically, Plaintiff has not opposed Defendant's motion, but the court has considered Plaintiff's cross motion to be his opposition as well.

appears to be barred by the Eleventh Amendment to the extent it proscribes damage suits against states without their consent. *See Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank*, 527 U.S. 627, 634(199); *Greenless v. Almond*, 277 F.3d 601, 606-07 (1st Cir. 2002). The court also notes, with regard to Plaintiff's request for injunctive relief, that Defendant provides several well-founded arguments for summary judgment in its favor, including Plaintiff's failure to exhaust his administrative remedies and follow appropriate court procedures. Nonetheless, the court will recommend that Defendant's motion be allowed on yet another and, in the court's estimation, stronger ground, that Plaintiff's complaint is simply moot.

"A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 497 (1969). "Ordinarily, an actual controversy must exist at all stages of litigation to sustain federal court jurisdiction." *Wilson v. Brown,* 889 F.2d 1195, 1197 (1st Cir. 1989).

In the instant case, Plaintiff seeks to bar the jail from prohibiting him from accessing research materials on his own accord. Regardless of the merits of Plaintiff's allegations, however, he is precluded from obtaining any equitable relief because he is no longer a resident of the jail. *See Purvis v. Ponte*, 929 F.2d 822, 825 (1st Cir. 1991).

This is not to say that a transferred prisoner is not completely barred from seeking injunctive relief at his former facility. For example, it is well established that a case is not moot if it is "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. Interstate Commerce Comm'n,* 219 U.S. 498, 515 (1911). Moreover, prison officials should not be allowed "to defeat prisoners' claims simply by [transferring

4

them] as soon as they file suit." *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001).

Here, however, Plaintiff provides nothing more than his own unsworn, speculative guess that such principles may be at play. (See Plaintiff's Motion for Summ. J. at 2 ("I know that the real reason I was shipped out was because of the Civil Suite [sic] because I told them what I was going to do.")). Needless to say, this is an insufficient response to Defendant's motion. *See Quinones v. Houser Buick*, 436 F.3d 284, 291 (1st Cir. 2006) (observing that factual assertions submitted in opposition to a motion for summary judgment must "'set forth such facts as would be admissible in evidence'" and be based on "first-hand knowledge") (quoting Fed. R. Civ. P. 56(e)); *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990) (the nonmoving party must adduce more than "conjectural" evidence and cannot rest "merely on conclusory allegations or improbable inferences and unsupported speculation"). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (in order to survive a motion for summary judgment, the opposing party must demonstrate that a "genuine issue of material fact" exists). More importantly, however, Defendant has produced unrebutted evidence that Plaintiff's transfer stemmed from legitimate penological interests. (Quinn Affidavit ¶ 22) (explaining that Plaintiff was one of several inmates transferred as a result of the November 12th incident). Finally, even assuming Plaintiff were to return to the jail, he would likely not be barred access to the library because, as indicated, the challenged paging system is no longer in effect. Accordingly, the court will recommend that Defendant's motion for summary judgment

5

be allowed.

### III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Because the court is recommending that Defendant's motion for summary judgment be allowed, it will recommend as well that Plaintiff's motion for summary judgment be denied since the facts with respect to that motion would be considered in a light even more favorable to Defendant.

### IV. CONCLUSION

For the reasons stated, the court recommends that Defendant's motion for summary judgment be ALLOWED and that Plaintiff's cross-motion for summary judgment be DENIED. [2]

DATED:  June 14, 2006

                                            /s/ Kenneth P. Neiman
                                            KENNETH P. NEIMAN
                                            Chief Magistrate Judge

---

[2] The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  See *Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  See also *Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Case 3:04-cv-30246-MAP   Document 42   Filed 06/14/2006   Page 7 of 7